(C.D. 3949)

THORNLEY & PITT  
EQUIPMENT IMPORTERS, INC. } *v.* UNITED STATES

United States Customs Court, Second Division

(Decided December 31, 1969)

*Glad & Tuttle* (*George R. Tuttle* of counsel) for the plaintiffs.  
*William D. Ruckelshaus*, Assistant Attorney General (*Arthur H. Steinberg* and *Robert Blanc*, trial attorneys), for the defendant.

Before RAO and FORD, Judges

FORD, Judge: This case presents for determination the proper classification of certain articles known as "snatch blocks" which were assessed with duty at the rate of 19 per centum ad valorem under item 680.50 of the Tariff Schedules of the United States.

Plaintiffs herein contend alternatively under item 664.10, Tariff Schedules of the United States, at 10.5 per centum ad valorem as pulley tackle or lifting equipment or under item 678.50, Tariff Schedules of the United States, as machines not specially provided for which provides for a rate of 10 per centum ad valorem. The pertinent portions of the provisions involved are as follows:

> Gear boxes and other speed changers with fixed, multiple, or variable ratios; pulleys, pillow blocks, and shaft couplings; torque converters; chain sprockets; clutches; and universal joints; all the foregoing and parts thereof (except parts of motor vehicles, aircraft, and bicycles):
>> Gear boxes and other speed changers, and parts thereof:

| | | |
|---|---|---|
| 680.45 | Fixed ratio speed changers, and parts thereof_____ | * * * |
| 680.47 | Other speed changers_____ | * * * |
| 680.48 | Other parts_____ | * * * |
| 680.50 | Pulleys, pillow blocks, shaft couplings, and parts thereof_____ | 19% ad val. |

Subpart B.—Elevators, Winches, Cranes, and Related Machinery; Earth-Moving and Mining Machinery

| | | |
|---|---|---|
| * | * * * * * | * |
| 664.10 | Elevators, hoists, winches, cranes, jacks, pulley tackle, belt conveyors, and other lifting, handling, loading, or unloading machinery, and conveyors, all the foregoing and parts thereof not provided for in item 664.05 _____ | 10.5% ad val. |

Subpart H.—Other Machines

| | | |
|---|---|---|
| * | * * * * * | * |
| 678.50 | Machines not specially provided for, and parts thereof_____ | 10% ad val. |

The record as made consists of the testimony of two witnesses called on behalf of plaintiffs and the introduction of 15 exhibits. Defendant offered the testimony of two witnesses and five exhibits. There appears to be no question that the imported article is known as a snatch block. It is used to change the direction of the rope or wire and is used in conjunction with lifting and handling equipment and is essential to the functioning of the boom and winch. A snatch block can be opened and the wire or rope inserted in a continuous piece.

Both witnesses called on behalf of defendant considered a snatch block as a form of pulley. The term "pulley" being generic covers all blocks.

In the case of *A.N. Deringer, Inc.* v. *United States*, 62 Cust. Ct. 734, C.D. 3856 (1969), decided after the submission of this case, the court considered the provisions involved herein. The merchandise in that case consisted of assemblies of two or three sheaves mounted on an axle and enclosed in a frame. They were known as "travelers" and were used to string high voltage transmission lines. The court held the articles involved therein to be pulleys notwithstanding the fact that plaintiff contended the merchandise does not transmit power but is an "idler"; that Congress eliminated the term "pulley blocks" from item 680.50, *supra;* that the merchandise is pulley tackle or parts or is a machine.

Plaintiffs herein rely upon all of the above positions and in addition contend the snatch blocks are parts of lifting equipment.

In the case at bar, plaintiffs in their brief admit the term "pulley blocks" describes the imported merchandise but contend since the precise term was eliminated from item 680.50, *supra*, it is no longer provided for thereunder. This is particularly so plaintiffs contend because of the information contained in the First Supplemental Report of the Tariff Classification Study which contains the following explanation of the change:

> *Explanation:* The changes are for purposes of clarification of certain terms, and also to include several additional well-known articles of mechanical power transmission equipment (torque converters, sprockets, clutches, and universal joints), and parts of articles. The rates reflected for each of the various items are the existing rates imposed on the products covered thereby.

Since the snatch blocks change direction of the wire or rope, plaintiffs contend it is not a power transmission article and hence is excluded from the item under which it was classified.

In the *Deringer* case, *supra*, we made the following observation:

> We note the commission expresses the purposes of its revisions as being the clarification of certain terms and the inclusion of additional articles and parts. We do not think that either of these expressed purposes manifests an intention that the deletion of pulley blocks removes such articles from the ambit of item 680.50. In fact, we consider the removal of the phrase "pulley blocks" to be unexplained for it did not affect a clarification of the terms which adjoined it or that which replaced it nor obviously did it constitute an addition. Since the action of the Tariff Commission gives no clue as to its intention, we can draw no conclusions from the deletion and must instead rely on our interpretation of the existing statutory language.

> We also emphasize that in matters of statutory interpretation by recourse to legislative history the discovery of deletions from a final draft does not necessarily mean that the act as finally constituted cannot have the same scope without the deleted portion. It may be that the deleted portion was excised because it was superfluous and not because it was the intent of the legislators to narrow the bounds of the legislation. See for example *Burlington Truck Lines, Inc.* v. *Iowa Employment Security Commission*, 32 N.W. 2d 792 (1948). See also *Andrews* v. *Hovey*, 124 U.S. 694, 716 (1888), for an extreme expression of the view that arguments based on the phases of the provisions of an act during passage are generally unsafe and unreliable.

The court in the *Deringer* case, *supra*, also considered the use of pulley blocks and its relationship to the term "pulley" and made the following observation:

> * * * plaintiff asks us to infer first, that a pulley block is an article distinct and separate from a pulley and second, that the word "pulley" as used in item 680.50 was not intended to cover pulley blocks.

After extensive study of this matter, we are unwilling to make these inferences and are inclined to a view which treats pulley blocks as pulleys and reads no exclusionary intention into the deletion of specific language by the Tariff Commission. A number of potent considerations lead us to this view. The modern dictionaries do not support the narrow definition of pulley proposed by plaintiff.

Webster's Third New International Dictionary of the English Language (1968):

> pulley * * * 1 a: a small wheel with a grooved rim: SHEAVE b: a sheave with the pin on which it turns, the frame in which it runs, and the flexible rope, cord, or chain passing through the groove that is used singly to change the direction and point of application of a pulling force applied at one end of the rope, cord, or chain and singly or in any of various definite combinations to increase the applied force esp. for lifting weights—see TACKLE 2 a: a single pulley or a combination of pulleys with the necessary ropes to form a tackle regarded as one of the simple machines or mechanical powers * * *

The Random House Dictionary of the English Language (1966):

> pulley * * * 1. a wheel, with a grooved rim for carrying a line, that turns in a frame or block and serves to change the direction of or to transmit force, as when one end of the line is pulled to raise a weight at the other end. 2. a combination of such wheels in a block, or of such wheels or blocks in a tackle, to increase the force applied. * * *

The Oxford English Dictionary (1961):

> pulley, B.1. One of the simple mechanical powers, consisting of a grooved wheel mounted in a block, so that a cord or the like may pass over it; used for changing the direction of power, esp. for raising weights by pulling downward. Also, a combination of such wheels in a BLOCK, or a system of blocks in a TACKLE, by means of which the power is increased.

It is clear that in the absence of a clear showing of legislative intent to the contrary the word "pulley" as used in item 680.50 will encompass an article more precisely known as a pulley block. * * *

*       *       *       *       *       *       *

In sum it is our view, based on lexicographic authority and the approach to legislative history set forth above that item 680.50 as finally constituted is more amenable to the inclusion of pulley blocks than the provisions claimed by plaintiff in the alternative. We therefore are of the opinion that plaintiff has failed to disprove the classification of the collector.

Following the reasoning in the *Deringer* case, *supra*, which we deem decisive, the imported articles are for tariff purposes pulleys as set forth in item 680.50, *supra*.

The contention that the snatch blocks are pulley tackle is not borne out by the definitions or testimony. Pulley tackle is an assemblage of ropes and pulleys arranged for hoisting and pulling. We therefore find the involved snatch blocks not to be pulley tackle.

The question of whether said imported items are parts of either pulley tackle or lifting equipment is moot in view of the preference given to the specific provision under General Headnote 10(ij) since we have held the importation to be a pulley for tariff purposes it must prevail over a provision for parts. *J. E. Bernard & Co., Inc.* v. *United States*, 59 Cust. Ct. 31, C.D. 3060 (1967). *Wilfred Schade & Co., Inc., a/c Glamorgan Pipe & Foundry Co.* v. *United States*, 62 Cust. Ct. 138, C.D. 3701, 295 F. Supp. 1117 (1969).

The question of whether the article is properly subject to classification under item 678.50 as a machine is not seriously urged by plaintiffs in their brief but this matter was disposed of in the *Deringer* case, *supra*, as follows:

> We need deal only briefly with plaintiff's remaining claims, all of which are predicated on the importation being a machine or part of a machine. It suffices to say that the importation does not meet the criteria for machines which have been generally applied by this court under the Tariff Act of 1930 and which continue to have validity under the Tariff Schedules of the United States. See *Trans Atlantic Co.* v. *United States*, 54 CCPA 75, C.A.D. 909 (1967); *United States* v. *IDL Mfg. & Sales Corp.*, 48 CCPA 17, C.A.D. 756 (1960). The importation is a physically neutral conduit of force or energy. For an example of a "pulley" which was held to be a machine, see *Nord Light, Inc.* v. *United States*, 49 CCPA 12, C.A.D. 786 (1961). See also *Dorf International, Inc.* v. *United States*, 61 Cust. Ct. 87, C.D. 3532 (1968). * * *

We do not believe the cases cited by plaintiffs covering stipulations of submission of lamp pulleys similar to those in *Nord Light, supra*, under the Tariff Schedules of the United States are applicable to the case at bar or controlling. The lamp pulley in *Nord Light, supra*, was substantially different from the snatch blocks involved herein.

For the foregoing reasons, we find the imported snatch blocks to be within the classified provision of item 680.50, *supra*.

The protest is accordingly overruled. Judgment will be entered accordingly.